IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ron Harper,                                                            Case No. 4:15 CV 2048

            Petitioner,

   v.
                                                            **ORDER**

Ralph Hanson, Warden,

            Respondent.

*Pro se* petitioner Ron Harper is a federal prisoner incarcerated in the Federal Correctional Institution in Elkton, Ohio. He was convicted, pursuant to a guilty plea, in the United States District Court for the Eastern District of Michigan of conspiracy to possess with intent to distribute 100 kilograms of more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Harper*, 09 CR 20134-2 (E.D. Mich.) He alleges his sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e)(2)(B), based on prior convictions in Michigan.

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241 "vacating [his] sentence for career criminal and for immediate release for time served," contending his enhanced sentence is unconstitutional in light of the Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). (Doc. 1 at 1.) *Johnson* held that a residual clause contained in a portion of the ACCA is void for vagueness and that imposing an increased sentence under the residual clause violates due process.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall

forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id*.

It is evident from the face of the petition that petitioner is not entitled to relief.

Title 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 is the primary avenue for relief for prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, federal prisoners challenging the imposition of their sentence must assert their claim in the sentencing court under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).

Section 2255 contains a limited "savings clause" allowing a prisoner to challenge the legality of his conviction or sentence under § 2241, but only in the exceptional circumstance where the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The remedy afforded under § 2255 is not inadequate or ineffective merely because relief under § 2255 has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004). Rather, "[t]he savings clause may

only be applied when the petitioner makes a claim of actual innocence" based on a new rule of law made retroactive by the Supreme Court. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). Actual innocence means "factual innocence" and requires the petitioner to demonstrate "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

Petitioner does not contend he is actually innocent of the crime of which he was convicted and therefore does not assert a claim of actual innocence. The Sixth Circuit has repeatedly instructed that "claims of sentencing error may not serve as the basis for an actual innocence claim" for purposes of a pursuing a motion under 28 U.S.C. §2241. *See Brown v. Hogsten*, 503 Fed. App'x 342, 343 (6th Cir. 2012); *Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241"); *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012) ("[t]he savings clause of section 2255(e) does not apply to sentencing claims"); *Bannerman*, 325 F.3d at 724 ("A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . ."). Accordingly, the petitioner's challenge to his enhanced sentence is not cognizable under § 2241.[1]

---

[1] Federal courts have indicated that if *Johnson* provides a petitioner a basis to challenge the constitutionality of an enhanced sentence under the ACCA, it might be through a petition under 28 U.S.C. § 2255. *See, e.g., Tucker v. Snyder-Norris*, No. CV 0:15-53-HRW, 2015 WL 5826825, at *3, n. 1 (E.D. Ky. Oct. 1, 2015). As the *Tucker* court noted, however, federal courts of appeals have reached different conclusions as to whether *Johnson* is retroactively applicable to cases on collateral review, and the Court of Appeals for the Sixth Circuit has not yet decided that issue. *See id. Compare Price v. United States*, 795 F.3d 731 (7th Cir. 2015) with *In re Rivero*, 797 F.3d 986 (11th Cir. 2015).

**Conclusion**

For the reasons stated above, it is ordered that the pending petition for habeas relief under § 2241 (Doc. 1) is denied and this action is dismissed in accordance with 28 U.S.C. § 2243.

The petitioner's motion to proceed in forma pauperis (Doc. 2) is denied as moot in light of his subsequent payment of the filing fee.

Additionally, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge